UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHASE WHITE,** }
 }
 **Plaintiff,** }
 }
v. } Case No.: 2:14-cv-01436-RDP
 }
**JRHBW REALTY, INC.,** *d/b/a RealtySouth*, }
**TITLESOUTH, LLC,** }
 }
 **Defendants.** } | |

## MEMORANDUM OPINION

This matter is before the court on TitleSouth's Motion to Dismiss or, in the Alternative, to Stay this Action Pending Arbitration of Plaintiff's Claims Against RealtySouth. (Doc. # 35). He Motion has been fully briefed. (Docs. # 42, 44).

Plaintiff's Complaint alleges that RealtySouth and TitleSouth violated sections 8(a) and 8(c) of the Real Estate Settlement Procedures Act ("RESPA") because RealtySouth steered business to TitleSouth, and they are both wholly owned by the same parent holding company. (Doc. # 1 at ¶ 6). Other than alleging that the named Defendants are both owned by the same parent holding company, and that the parent profits when TitleSouth is profitable, the Complaint is devoid of any allegations regarding payments actually made.

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).   The complaint must include enough facts "to raise a right to relief above the speculative level."   *Twombly*, 550 U.S. at 555.   Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations.   *Twombly*, 550 U.S. at 555, 557.   To be plausible on its face, the claim must contain enough facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Iqbal, 129 S. Ct. at 1949.

"Congress enacted RESPA, in part, to eliminate 'kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services.'"   *Galiano v. Fidelity Nat. Title Ins. Co.,* 684 F.3d 309, 313-14 (2nd Cir. 2012) (quoting 12 U.S.C. § 2601(b)(2)).   "RESPA § 8(a) prohibits kickbacks for referrals of real estate settlement business."   *Galiano,* 684 F.3d at 314 (citing RESPA § 8(a), 12 U.S.C. § 2607(a); *Freeman v. Quicken Loans, Inc*., 132 S.Ct. 2034, 2038 (2012); *Cohen v. JP Morgan Chase & Co*., 498 F.3d 111, 121 (2d Cir. 2007)).   "A violation of § 8(a) involves three elements: (1) a payment or thing of value; (2) given and received pursuant to an agreement to refer settlement business; and (3) an actual referral."   *Galiano,* 684 F.3d at 314 (citing *Egerer v. Woodland Realty, Inc*., 556 F.3d 415, 427 (6th Cir. 2009); *see also Culpepper v. Irwin Mortg. Corp*., 491 F.3d 1260, 1265 (11th Cir. 2007)).

Although Plaintiff's Complaint alleges that Defendants are affiliates and are owned by the same parent holding company, and also that the parent profits when TitleSouth is profitable, the Complaint wholly fails to allege (1) a payment or thing of value (2) given by defendants and received by plaintiffs' title agents.   *See* RESPA § 8(a), 12 U.S.C. § 2607(a).   Without any

2

allegations alleging any type of a kickback scheme, Plaintiff's Complaint fails to plausibly state a claim under Section 8(a) of RESPA. Where a complaint alleges a kickback scheme "in a wholly conclusory and speculative manner," it is properly dismissed. *Galiano*, 684 F.3d at 315.

Plaintiff points to a decision of the Northern District of Ohio and a Consent Order from the Consumer Financial Protection Bureau in support of his assertion that a benefit to a common parent company is sufficient to satisfy the "thing of value" element under RESPA. *Toldy v. Fifth Third Mortg. Co.,* 721 F.Supp.2d 696 (N.D. Ohio 2010); *Consent Order in the Matter of JRHBW Realty, Inc.* Admin.P. No. 2014-CFPB-005 (Doc. # 42-1). Addressing first the CFPB order, the court finds it of little precedential value because its "Findings" are not supported by any citation to evidence, and its "Conclusions of Law" are wholly cursory. (Doc. # 42-1). Moreover, the court would afford to that administrative decision the same weight it would a probable cause determination made by the Equal Employment Opportunity Commission: it is certainly not binding, and may not be admissible because of the "varying quality of such determinations." *Barfield v. Orange County*, 911 F.2d 644, 650 (1990). Moreover, the Order was based on a stipulation in which the Respondents admitted no wrongdoing. (Doc. # 42-1).

The *Toldy* decision is contrary to the Second Circuit's decision in *Galiano.* After careful review, the court finds the *Galiano* analysis more persuasive because it recognizes that there must be some connection between the thing of value given and received and the agreement to refer business to allege a violation of RESPA. *Galiano,* 684 F.3d at 314. A mere allegation (or even a showing) of a shared corporate parent does not establish this connection under Section 8(a).

Plaintiff's second argument against dismissal is his contention that RESPA Section 8(c)(4) provides a cause of action independent of the anti-kickback provisions of Section 8(a). This

3

argument actually evidences a further reason for the dismissal of Plaintiff's Complaint. Plaintiff's Complaint contains one count. To the extent Plaintiff argues that it asserts two separate causes of action, it is an impermissible "shotgun" style pleading which has been "repeatedly condemned" by the Eleventh Circuit. *See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). Multiple claims should be presented separately in adherence to Federal Rule of Civil Procedure 10(b). *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). For all of these reasons, TitleSouth's Motion to Dismiss (Doc. # 35) is due to be granted and Plaintiff's Complaint dismissed without prejudice.

The next question is whether Plaintiff should be given an opportunity to amend his pleadings. "When confronted with a shotgun pleading, the court is supposed to order repleading for a more definite statement of the claim." *Hickman v. Hickman,* 563 Fed.Appx. 742, 744 (11th Cir. 2014) (citing *Wagner*, 464 F.3d at 1280). The court will allow Plaintiff an opportunity to amend his Complaint. However, in doing so, Plaintiff should be cognizant of the fact that the court was inclined to grant Defendant's Motion to Stay pending the outcome of the arbitration of Plaintiff's claims against RealtySouth.

"In some cases [] it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 n. 23 (1983). "When confronted with litigants advancing both arbitrable and nonarbitrable claims ... courts have discretion to stay nonarbitrable claims." *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004). First, "having the issues decided by the arbitrator is the desired objective. And that is not accomplished unless the case involving the

nonarbitrable issues is stayed until the arbitration is finished. And if that is not accomplished then neither is the goal of avoiding duplicative litigation." *In re Latimer,* 489 B.R. 844, 874 (Bkrtcy. N.D. Ala. 2013). Because "questions of fact common to [the federal lawsuit] are likely to be settled during the ... arbitration," issues of judicial economy, avoidance of confusion, and possible inconsistent results militate in favor of staying proceedings, including discovery, in this action. *See American Home Assurance Co. v. Vecco Concrete Const. Co.*, 629 F.2d 961, 964 (4th Cir. 1980). Therefore, although the court will allow Plaintiff to amend his Complaint, Plaintiff is on notice: he will not be permitted to use this case to engage in duplicative litigation or attempt to circumvent what may be more limited discovery on his claim(s) against RealtySouth in an arbitration forum.

      A separate order will be entered.

      **DONE** and **ORDERED** this February 27, 2015.

                                                      **R. DAVID PROCTOR**
                                                      UNITED STATES DISTRICT JUDGE